FILED

2022 Mar-11  AM 08:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **WILLIE LEON BANKS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | Civil Case No. |
| | ) | **7:21-cv-5-AKK-GMB** |
| **WARDEN GWENDOLYN** | ) | |
| **GIVENS, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>MEMORANDUM OPINION</u>

Willie Leon Banks filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The Magistrate Judge entered a report recommending the denial of Banks' petition and the dismissal with prejudice of his claims. Doc. 15. The Magistrate Judge further recommended Banks's motion for an order directing the respondents to verify and authenticate state records, doc. 13, be mooted. Doc. 15. Banks has filed objections to the report and recommendation. Doc. 19.

In his objections, Banks reasserts his claim that he is innocent of raping a child under 12 years old because newly discovered evidence indicates he was incarcerated at the time of the rape. *Id.* at 3–4. Banks maintains that the State did not disclose the victim's out-of-court statement that the rape occurred in 2001 or 2002, during the period when Banks was purportedly incarcerated. *Id.* He also claims that if the rape occurred in the spring of 2002, instead of in the spring of 2001, this would make

him innocent of the charged crime because the victim would have been 12 years old at the time.[1] *Id.* at 4–5.

Banks' objections simply rehash the claims in his petition. Notably, the objections do not address the Magistrate Judge's conclusion that a claim of factual innocence is not an independent ground for habeas relief without an allegation of constitutional error. *See Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002) (noting that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding"). Banks also does not address the Magistrate Judge's conclusion that the Alabama Court of Criminal Appeal's application of the newly discovered evidence standard was not unreasonable under 28 U.S.C. § 2254(d)(1)-(2). Accordingly, Banks's objections are **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and Banks's objections, the court **ADOPTS** the Magistrate Judge's report and **ACCEPTS** his recommendation.

---

[1] Banks also contends in his objections that the State did not "elect which specific incident it [would] submit to the jury." Doc. 19 at 5. Banks did not raise this claim in his petition, and the court will not entertain new claims raised for the first time in an objection to a report and recommendation. *See* Rule 2(c)(1), Rules Governing Section 2254 Cases in the United States District Courts (providing that the § 2254 petition must "specify all the grounds for relief available to the petitioner"). *See also* FED. R. CIV. P. 15(a) (setting out the requirements for amendment of a pleading).

Accordingly, Banks's petition for a writ of habeas corpus is due to be denied and his claims are due to be dismissed with prejudice. Additionally, Banks's motion for an order directing the respondent to verify and authenticate state records, doc. 13, is moot.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  The court finds Banks's claims do not satisfy either standard.

The court will enter a Final Judgment.

**DONE** the 11th day of March, 2022.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE